**Marshall S. Meyers**
**Krohn & Moss, Ltd.**
**111 West Monroe Street**
**Suite 711**
**Phoenix, Arizona 85003**
**(602) 275-5588**
*mmeyers@consumerlawcenter.com*
**Attorney No. 020584**

**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHELLE OELTJENBRUNS, | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **COMPLAINT** |
| | ) |
| NATIONAL FINANCIAL SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

NOW COMES the Plaintiff, MICHELLE OELTJENBRUNS, by and through her attorneys, KROHN & MOSS, LTD., complaining against the Defendant, NATIONAL FINANCIAL SYSTEMS, INC., and alleging as follows:

## **PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §1692, et seq.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

## PARTIES

3. Plaintiff, MICHELLE OELTJENBRUNS, is an individual who was at all relevant times residing in the City of Bullhead City, State of Arizona.

4. At all relevant times herein, Defendant, NATIONAL FINANCIAL SYSTEMS, INC., acted as a debt collector within the meaning of 15 U.S.C. §1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to Household Credit Card.

5. Defendant is a corporation that has its principal place of business and its offices located in the City of Hicksville, State of New York.

## ALLEGATIONS
## COUNT I -
## VIOLATIONS OF THE FDCPA v. NATIONAL FINANCIAL SYSTEMS

6. In May of 2005, Michelle Oeltjenbruns ("Plaintiff") received a telephone call from an unknown person stating that he/she was calling from National Financial Systems, Inc. ("Defendant") to collect a debt owed by Plaintiff to Household Credit Card in the amount of approximately $1,400.00.

7. Defendant explained to Plaintiff that she needed to pay the entire balance of the debt today.  Plaintiff responded that she was unable to do that.  Defendant then stated

that if Plaintiff did not pay it at least half of the money owed within one month, she would be taken to court and she would be responsible for the entire amount of the debt, as well as the related attorney's fees.

8. Plaintiff was then connected to an employee of Defendant who identified himself as a supervisor. Defendant began to pressure Plaintiff to provide it with various checks by telephone.

9. Plaintiff then provided Defendant with a check postdated for May 20, 2005. Shortly thereafter, Defendant attempted to cash the check without providing Plaintiff any written notice of its intent to do so. The check was returned for insufficient funds.

10. On or about May 31, 2005, Plaintiff received a phone call from Defendant. Defendant left a message for Plaintiff stating that she had committed a crime because her check was returned for insufficient funds and demanding that she contact it immediately or legal action would be taken against her.

11. On or about June 9, 2005, Plaintiff received a telephone call from Defendant at 6:38 a.m. Defendant had attempted to contact Plaintiff before 8 a.m. on numerous occasions prior to June 9, 2005.

12. Prior to her initial conversation with Defendant in May of 2005, Defendant had called Plaintiff on a daily basis.

13. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

    a.   Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. §1692c(a)(1);

    b.   Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

    c.   Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

    d.   Accepted from any person a check or other payment instrument postdated by more than five days without providing such person notice in writing of their intent to deposit such check or instrument not more than ten days nor less than three business days prior to such deposit in violation of 15 U.S.C. §1692f(2); and

    e.   Was otherwise deceptive and failed to comply in anyway with the Fair Debt Collection Practices Act.

14.   As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MICHELLE OELTJENBRUNS, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00 for each violation as identified above;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY ***

Dated this 5th day of August, 2005.

By: *s/Marshall S. Meyers*
Marshall S. Meyers
Krohn & Moss, Ltd.
111 West Monroe Street
Suite 711
Phoenix, Arizona 85003
(602) 275-5588
*mmeyers@consumerlawcenter.com*